## SCHOTTENFELS v. SOBEL.

### No. 346.

Circuit Court of Appeals, Second Circuit.
June 17, 1940.

C. P. Goepel, of New York City, for appellant.

Fritz Ziegler, of New York City (Edward L. Mueller, of New York City, of counsel), for appellee.

Before L. HAND, CHASE, and PATTERSON, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from a judgment dismissing a complaint upon two patents: No. 1,914,301, issued on June 13, 1933, to Henry Schottenfels, and by him assigned to the plaintiff; and No. 2,040,958, issued May 19, 1936, to the plaintiff directly; only claim five of the first patent, and claim six of the second are in suit. The first patent was for a clasp or buckle in combination with a brassière, and was limited to the combination. The plaintiff charges the defendant as contributory infringer of this patent, because he sells the clasp and advertises it as useful in a brassière. The second patent was for a modified clasp of the same general character, but not limited to brassières. The plaintiff charges the defendant as direct infringer of this claim. The judge dismissed the complaint as to the first patent, because the defendant was not shown to have known that its clasps were to be used with brassières; and, as to the second, because the claim was invalid.

The first patent disclosed a clasp made to receive the two retaining straps of a brassière, each of which passes from one side to the back and then returns to the side, so as to make a loop. The clasp had one closed oblong slot at one side, and another slot at the other side, open at one end. One of the straps passed through the closed slot, each end being then sewed to the brassière, thus permanently fastening the clasp to the garment. When the wearer put on the brassière, she inserted the other loop into the end of the clasp's open slot. The invention lay in the means by which the strap was held in place after it was inserted; it must be free to slide easily through the slot, but it must not fall out. Since the slot was open, it necessarily had a depending leg on the outside, which ended in what the patent called "the hook, 25", (page 2, lines 27, 36) to keep the strap from escaping. Furthermore, the opposite side of this slot had a "hump, 23"( page 2, lines 21, 36) which, while it allowed the strap to slide laterally with the movements of the wearer, assisted the "hook" to prevent its escape through the opening.

Clasps of this general character were nearly fifty years old when the application was filed; that is, flat clasps with one solid, and one open, slot, into the end of which the loop of a strap was inserted. Moreover, the escape of the strap had been hindered in substantially the same way.

Thus, in 1886 Wales (No. 348,871) had shown such a clasp for a belt: figure A of his disclosure showed a projection at the end of the depending leg, called a "hook" (page 1, line 76) designed to hold the strap in place, and a hump, called a "projecting point" (page 1, line 78) coöperating with an opposite indent for the same purpose. The only differences between the first patent-in-suit and Wales were that the "hook" was less pronounced; that the "hump" was not assisted by an indent, and was on the other side of the slot; and that the uses of the clasp were left general; "Belts, Bands, etc." (page 1, line 5). In 1907 Cohn (No. 840,750) disclosed a garter clasp, in which the open slot was of the same kind as Wales's, except that it had neither "hump", nor indent. A French patent issued in 1929 to Ravigneaux (No. 661,885) for a "belt and buckle" disclosing six flat clasps of the Schottenfels type; that is, with two slots, one closed, and the other open. The depending outer leg of the open slot ended in a horizontal hook, meant to keep the strap in place. The "hump" of Schottenfels was, strictly speaking, absent, but the inner side of the open slot performed, or was intended to perform, the same function, for, although it did not, like Schottenfels, run parallel with the leg for all its length—with a bulge for a hump—it turned away in mid length at an angle to the leg. This angle made a kind of hump on the inner side of the slot, and coöperated with the hook of the depending leg.

We need not determine whether there was patentable invention in changing over Ravigneaux's clasp into that of the patent in suit, because the defendant's clasps exactly copied Ravigneaux, and claim five cannot be extended to cover them unless it was invention merely to use Ravigneaux's clasp in a brassière. Ravigneaux had, however, disclosed his clasp generally; that is, as useful "for straps of garments or all flat bands", and we do not think that to single out brassières took exceptional skill; certainly nothing in the history of the art bears out such a conclusion. However, rather than hold claim five invalid, we will (like the judge, though for different reasons) merely hold it not infringed; that is, we limit it to the disclosure, though we do not hold that it is valid, even though so limited.

We also agree with the judge that claim six of the second patent is invalid.

As to this, the first patent was prior art, and the only change made in the clasp was to add a second hump—"node"—and to give the "hook" "a recess" (page 1, lines 24, 50; page 2, line 18). Apparently the examiner did not discover the Henry Schottenfels patent, although it had issued for nearly two years when the application for the second one was filed. It seems hardly possible that if he had, he would have allowed a claim for so trivial a variant upon the first. Anybody, finding that Henry Schottenfel's "hook" did not hold, would be likely to think of making it more like a fish-hook; and to double the "humps" surely did not require invention.

Judgment affirmed.